Yvonne Michelle MOORE, Plaintiff,

v.

AMERICAN TELEPHONE & TELEGRAPH COMMUNICATIONS, INC., Richard Moccia, Office Manager of Stuyvesant TSPS, Elizabeth Jane Brennan, Acting Office Manager of Stuyvesant TSPS, Marian Anderson, Service Assistant of Stuyvesant TSPS,

Telephone Traffic Union Local 222 of the Telecommunications International Union, May E. Kliesch, Executive President, Thelma Currie, Manhattan Area President, Eleanor Heines, Secretary/Treasurer, Defendants.

No. 85 Civ. 4028 (RPP).

United States District Court, S.D. New York.

July 16, 1991.

See also 755 F.Supp. 111.

Yvonne M. Moore, pro se.

Seyfarth, Shaw, Fairweather & Geraldson, New York City by Eric Rosenfeld, for defendants AT & T Communications, Inc., Richard Moccia, Elizabeth Jane Brennan and Marian Anderson.

Calamari & Calamari, New York City by Andrew M. Calamari, for Telephone Traffic Union Local 222, May E. Kliesch, Thelma Currie and Eleanor Heines.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

In an opinion dated December 21, 1990 the Court denied a motion to dismiss for failure to prosecute brought by defendants AT & T Communications, Inc., Richard Moccia, Elizabeth Jane Brennan and Marian Anderson (collectively "AT & T") and Telephone Traffic Union Local 222, May E. Kliesch, Thelma Currie and Eleanor Heines (collectively "the Union defendants") and ordered plaintiff, appearing pro se in this action, to appear no later than January 11, 1991 for deposition first noticed by defendants on June 26, 1985. Thereafter, plaintiff requested the Court set a discovery cutoff date. By memo endorsed filed January 11, 1991 the Court ordered all discovery completed by March 9, 1991.

Plaintiff served document requests on defendants on January 24 and February 10, 1991. The Union defendants produced certain documents on February 20, 1991. Calamari Aff. filed June 12, 1991 ¶ 3. Plaintiff served additional document requests dated March 6 and March 30, 1991 which the all defendants responded to, providing additional documents and stating others could not be located. Calamari Aff. ¶ 4; Inglis Aff. filed June 12, 1991 ¶ 2(F).

Meanwhile, on March 14, 1991 the Court granted plaintiff's request of March 6, 1991 for a 60–day extension of discovery to May 9, 1991.

On May 9, 1991 plaintiff requested another 60–day extension of the discovery period. The Court denied the request "unless plaintiff shows in clear and concise terms defendants' noncompliance with discovery."

On May 13, 1991 and May 14, 1991, respectively, AT & T and the Union defendants filed motions for summary judgment dismissing plaintiff's complaint. Both motions were made returnable June 3, 1991.

On May 28, 1991 plaintiff requested permission to submit clear and concise information no later than June 1, 1991 showing defendants' noncompliance with her discovery requests. The Court granted the request.

On June 3, 1991 plaintiff again requested another 60–day extension of discovery which the Court, by endorsement dated June 4, 1991, treated as a motion to compel and ordered defendants to submit responsive papers by June 13, 1991. Defendants filed affidavits on June 12, 1991 describing their efforts to comply with plaintiff's requests and stating that documents responsive to any outstanding requests either could not be located or were not in defendants' possession. Calamari Aff. ¶¶ 4, 6; Inglis Aff. filed June 12, 1991 ¶ 2(F).

In an order filed June 19, 1991 the Court (1) denied plaintiff's request for an extension of discovery; (2) denied plaintiff's motion to compel; and (3) ordered plaintiff to respond to defendants' summary judgment motions by June 28, 1991, stating, "If no answering papers are received by that date, the motions will be granted and the case dismissed."

At 8:30 p.m. on June 28, 1991 plaintiff submitted a request for reconsideration of the Court's June 19, 1991 order denying an extension of discovery and requesting until July 5, 1991 to oppose the summary judgment motions. In a second order filed July 2, 1991 the Court (1) denied the request for reconsideration and (2) extended plaintiff's time to respond to defendants' summary judgment motions to July 5, 1991.

On July 5, 1991 plaintiff requested another extension of time to July 10, 1991 in which to respond to the motions. The Court granted the request.

On July 15, 1991 plaintiff submitted a letter requesting reconsideration of the July 2, 1991 order denying an extension of discovery and requesting additional time to oppose the summary judgment motions. Her letter stated in relevant part:

Would plaintiff assume that this disputed issue of discovery would be closed, and that this civil action would go for-

ward? Plaintiff would have difficulty in that regard, as the Court has not clarified that aspect.

It is for this reason that Plaintiff feels she is being intimidated by the Court to *rush* Plaintiff into answering defendants' Summary Judgment Motion before plaintiff is allowed to aire [sic] her true feelings on this subject.

I respectfully re-submit to the Court Plaintiff's original request for a 60–day extension in time for the completion of discovery; and that Plaintiff's prays that this motion is granted.

(emphasis in original).

Plaintiff has been afforded ample time to prepare and file her opposition to defendants' motions. Upon each successive extension of time granted to her, she presses for reconsideration of the discovery issue rather than addressing the merits of defendants' summary motions now pending before this Court over two months. No opposition having been received, defendants' motions are granted and the case is ordered closed.

IT IS SO ORDERED.